## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ELVA HOUSTON,**

    **Plaintiff,**

**v.**                                                 **No. 11-CV-317 JEC/RHS**

**WAL MART STORE #831**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's *Motion to Remand* (Doc. 7), filed April 27, 2011 ("Motion").  Having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully informed, the Court finds the Motion not well taken and it will be **DENIED**.

**I.**    **Background**

On December 3, 2010, Plaintiff Elva Houston filed a suit in New Mexico state court, alleging that she suffered personal injury when she fell on the floor at Defendant Wal-Mart's Store #831 ("Defendant").  Complaint for Damages for Personal Injury ("Complaint") ¶¶ 4-5. Plaintiff does not specify her injury, but claims she "has required medical treatment as a result of her fall and will incur medical expenses in the future."  Compl. ¶ 5.  Plaintiff also claims that she has "pain and suffering of a mental and physical nature, is inflicted with a permanent disability, and has been unable to engage in normal family, social, or recreation, wage earning and household services and activities, which damages will continue in the future."  Compl. ¶ 5.  She

seeks compensatory damages in an unspecified amount, "plus the cost of this action and whatever additional relief the [c]ourt may deem just and proper." Compl. ¶ 5.

On August 24, 2010, prior to filing her Complaint, Plaintiff's counsel sent a letter to an adjuster for Defendant at Claims Management Inc. ("CMI"), stating that Plaintiff had sustained injuries as a result of the fall and had been transferred to a rehabilitation facility. Mot., Ex. 1. On October 1, 2010, Plaintiff's counsel sent CMI another letter stating that Plaintiff was still in the rehabilitation clinic and that records and bills from the facility would be forwarded and attached copies of her medical costs allegedly totaling $37,449.07. Mot., Ex. 2. The letters do not describe Plaintiff's injury, and she did not provide any further medical information to CMI or Defendant.

After the Complaint was filed, Defendant sent discovery to Plaintiff on March 9, 2001 inquiring about the amount of damages she was seeking. On April 8, 2011, Plaintiff admitted, in response to Defendant's Request for Admission Number 1, that she was "seeking more than $75,000 in damages" and stated that the cost of her medical bills "[totaled] approximately $109,578" in response to Defendant's Interrogatory No. 19. See Defendant's Response to Motion to Remand ("Response"), Ex. A. Based on this information, Defendant filed its Notice of Removal ("Notice") in this Court on April 18, 2011, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, asserting jurisdiction on the basis of diversity under 28 U.S.C. § 1332.

Plaintiff seeks to remand the action on the ground that Defendant's Notice was untimely. Plaintiff asserts that Defendant was aware that Plaintiff was seeking more than $75,000 in damages on or before the date Defendant was served with the Complaint, citing to her prior communications of August 12, 2010 and October 1, 2010, when she notified Defendant of the severity of her injury, forwarded her medical costs, and indicated that further treatment and bills

2

would follow.  Plaintiff further asserts that once Defendant was served with the Complaint on December 3, 2010,  it was on notice of the full nature, extent and duration of her injuries and was able to ascertain removability.

## II.    Legal Standard

Federal district courts have original jurisdiction in all civil actions where the amount in controversy exceeds $75,000 and the dispute is between citizens of a state within the United States and citizens or subjects of a foreign state.  28 U.S.C. § 1332(a)(2).  When removal is challenged, the burden rests with the removing party to prove that jurisdiction exists.  *Martin v. Franklin Corp*., 251 F. 3d 1284, 1290 (10th Cir. 2001).  Where a state court complaint does not identify a specific amount that the plaintiff seeks to recover, the burden is on a defendant seeking removal "to prove jurisdictional facts by a 'preponderance of evidence'" that an amount in excess of  $75,000 is at issue.  *McPhail v. Deere Co.*, 529 F.3d 947, 954 (10th Cir. 2008).  Beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy, including interrogatories or admissions obtained in state court, calculation from the complaint's allegations or reference to the plaintiff's informal estimates or settlement demands.  *McPhail*, 529 F.3d at 954 (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-542 (7th Cir. 2006)).

When analyzing notice required under § 1446(b) to trigger removal, the Tenth Circuit has held that "[i]f the statute is going to run, the notice ought to be unequivocal.  It should not be one which may have a double design."  *DeBry v. Transamerica Corp*., 601 F.2d 480, 489 (10th Cir. 1979).  "The removal period does not begin until the defendant is able "to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of facts."  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F. 3d 1072, 1078 (10th Cir. 1999) (quoting

*DeBry*, 601 F.2d at 489).  The word "ascertain" means "to....learn with certainty."  *DeBry*, 601 F.2d 489.  The word "ascertained" as used in section 1446(b), "means a statement that 'should not be ambiguous' or one which 'requires an investigation to determine the truth.'"  *DeBry*, 601 F.2d at 490).  The Tenth Circuit "disagrees with cases from other jurisdictions which impose a duty to investigate and determine removability when the initial pleading merely indicates that the right to remove *may* exist." *Id*. at 1036 (emphasis in original).  Instead, the Tenth Circuit "requires clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' such as an answer to interrogatory."  *Id*.

## III.   Discussion

Here, Plaintiff does not contest diversity of citizenship or amount in controversy but claims Defendant's Notice was untimely.  However, "[if] the case stated by the initial pleading is not removable," a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...." *DeBry*, 601 F.2d at 485.  Failure to file notice of the removal within the time set forth in § 1446(b) constitutes a defect in removal procedure, warranting a remand.  *Huffman v. Saul Holdings, Ltd. P'ship*, 194 F.3d 1072 (10th Cir. 1999).  Plaintiff asserts that an amount in controversy greater than $75,000 was ascertainable when she provided Defendant with correspondence indicating that she had sustained a serious injury resulting in medical costs totaling $37,449.07, was at a rehabilitation clinic and further costs were to follow, and when she filed her Complaint.  Plaintiff concludes that Defendant's Notice of Removal is procedurally defective because it was filed outside of the statutorily prescribed thirty-day time limit under 28 U.S.C. § 1446(b).

4

Defendant responds that removability became ascertainable only when Plaintiff filed responses to discovery acknowledging that she was seeking more than $75,000 in damages and that neither the Complaint nor the correspondence and copies of medical costs sent prior to initiation of the action provide "clear and unequivocal notice" that the amount in controversy was satisfied.  The Court agrees.

District courts, relying on Tenth Circuit law, have found complaints failing to specify an amount of damages or listing damages of a value less than $75,000 to be insufficient for purposes of triggering notice that the threshold jurisdictional amount has been met.  In *Vasquez v. Americano U.S.A., LLC*, 536 F.Supp. 2d 1253, 1257 (D.N.M. 2008), the court held that where multiple plaintiffs failed to specify in their complaint the amount of damages stemming from an automobile accident involving the bus in which they were riding, the defendant would not have known that the amount in controversy exceeded $75,000.  The court determined that removability was ascertainable only when the plaintiffs filed responses to the defendant's discovery regarding citizenship of the parties and the amount sought.  The court in *Vasquez* denied remand, concluding that removal was timely after receipt of the discovery responses.  *Id.* at 1257.  *See also Fragel v. Trinity Indus. Transp*., *Inc.* 978 F.Supp. 1395, 1396 (D. Kan. 1997) (that complaint provided "laundry list of alleged injuries and requested damages in excess of $50,000," was "not sufficient to permit defendant to know with certainty that the amount in controversy exceeded $75,000");  *Hemphill v. Safeway, Inc*., 430 F.Supp.2d 517, 518-519 (D.Md. 2006) (complaint seeking not less than $50,000 for pain and suffering, emotional damages, mental anguish, lost pay and benefits, front pay, punitive damages, interest, costs, reasonable attorney's fees, and taxes due on any award was not sufficient to start removal period because the defendant "would have had to engage in speculation" to conclude that the plaintiff

5

actually sought damages exceeding $75,000).

The Court recognizes that there may be circumstances where a complaint alleging damages in an unspecified amount can support removal.   In *McPhail v. Deere & Co.,* 529 F.3d at 957*,* the Tenth Circuit reasoned in *dicta* that a complaint alleging wrongful death and seeking damages for medical and burial expenses, loss of consortium and grief of the surviving spouse, mental pain and anguish suffered by the decedent, pecuniary loss based on earning capacity and punitive awards of an unspecified value, may be sufficient by itself to support removal given the allegations and nature of damages sought.   The court in *McPhail* determined that it need not decide the question based on the complaint alone because it also had correspondence from plaintiff's counsel, incorporated in the notice of removal, which stated that the "amount in controversy 'very well may be' in excess of $75,000." *Id.*

Whether derived from a complaint or other documentation, an amount in controversy in excess of $75,000 must be ascertainable in order to start the removal period.  In *Stiles v. Chattem*, 2011 WL 90321, *6 (N.D.Okla.), the court declined to find that a wrongful death complaint seeking damages of an unspecified amount, including pain, suffering, death of the decedent, grief, loss of companionship and pecuniary loss, was sufficient by itself to put the defendants on notice of an amount in controversy sufficient to trigger the removal period at the time of service.  The court in *Stiles* stated that while "[t]he nature of a plaintiff's claims may be relied upon in support of notice of removal," the "paucity of the facts in the petition as to plaintiffs' claims or plaintiffs' relationship to the decedent may have made it difficult for defendants to establish by a preponderance of the evidence that plaintiffs' petition alleged in excess of $75,000."  *Id.*, citing *McPhail*, 529 F.3d at 955-956.  The court added that "it [was] almost certain, as [the] defendants argue[d], that had they moved immediately for removal, [the]

6

plaintiffs would have made 'an alternative motion to remand for lack of specific facts in support of jurisdiction.'" *Id*.

Plaintiff asserts that cases finding the complaint by itself to be insufficient to establish an amount in controversy are distinguishable because she also sent correspondence to Defendant before filing her Complaint that detailed the nature and extent of her injuries and put Defendant on notice that she was in a rehabilitation clinic and would have further medical costs.  She claims that this correspondence, in addition to the list of damages identified in her Complaint, was sufficient to allow Defendant to know, without speculation, that the amount in controversy exceeded $75,000.  However, in *Evans v. Home Depot USA, Inc*. CIV 09-1047 WPL/DJS (D.N.M., January 8, 2010), the plaintiff had also filed a complaint seeking damages of an unspecified value and sent correspondence to the defendant's counsel stating that she had thus far incurred $49,364.89 in medical expenses and lost wages.   In denying remand based on untimely removal, the court noted that the defendant would have had to "engage in speculation to conclude that $75,000 was at issue after receiving the complaint and [subsequent correspondence]."  *Id.* at 7. The court stated that, "although these documents indicated that the right to remove 'may [have] exist[ed], they did not establish that right unequivocally.'" *Id*. at 7 (citing *Akin*, 156 F. 3d at 1036).  Accordingly, the court denied the plaintiff's request for remand, concluding that the defendant's notice of removal, filed within thirty days of the settlement demand exceeding $500,000, was timely.  *Id*.

Here, much like the circumstances in *Evans*, the information provided in August and October of 2010 regarding the injury and medical costs totaling less than even $50,000, combined with the Complaint failing to specify the amount of damages sought, are insufficient to trigger notice of removability.  Defendant would have had to speculate to conclude that the

amount sought was in excess of $75,000.   Although these documents arguably established that the right to remove "may have existed," they did not establish "clear and unequivocable" notice of that right.  *See Akin v. Ashland Chem. Co.*, 156 F. 3d at 1036.  The scarcity of facts in the Complaint and correspondence also would have made it difficult for the Defendant to establish, by a preponderance of the evidence, that Plaintiff was seeking more than $75,000.  See *Stiles v. Chattem*, 2011 WL 90321 at *6.   The first subsequent "other paper" from which Defendant could reasonably ascertain removability was the discovery response in which Plaintiff admitted that she was seeking more than $75,000.00 in damages.  *Id.*  Defendant filed its Notice within thirty days of receipt of this interrogatory answer and its Notice is timely.

## IV.   <u>Conclusion</u>

For the foregoing reasons, the Court finds that Defendant has made a proper showing that the jurisdictional requirements of 28 U.S.C. § 1332 have been met and its Notice of Removal was timely filed under 28 U.S.C. § 1446 (b).

WHEREFORE,

**IT IS ORDERED** that Plaintiff's *Motion to Remand* (Doc. 7), filed April 17, 2011, is **DENIED**.

Dated July 18, 2011.

SENIOR UNITED STATES DISTRICT JUDGE

8